**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HARRIS COUNTY, TEXAS,**
1001 Preston Street, Suite 500,
Houston, TX 77002,

*Plaintiff*,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460,

and

**LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460,

and

**DEVON BROWN, in his official capacity as EPA AWARD OFFICIAL, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460,

*Defendants*.

Civil Action No. 1:25-cv-03646-TSC

**OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Harris County, Texas ("Harris County") hereby opposes the Motion to Extend Time to Respond to Plaintiff's Motion for Preliminary Injunction ("Motion to Extend"), ECF 13, filed by Defendants U.S. Environmental Protection Agency ("EPA"), Lee Zeldin, EPA Administrator, and Devon Brown, EPA Award Official (collectively, "Defendants").

Harris County readily agreed to Defendants' request for additional time to respond to the County's Motion for Preliminary Injunction ("PI Motion"), on the ground that Defendants enter a

stand-still agreement to maintain the status quo while the County's PI Motion is pending. Specifically, Harris County asked that Defendants agree not to take "any additional actions aimed at implementing or effectuating Defendants' decision to eliminate the [Solar for All ("SFA")] program," including by deobligating, transferring, or placing beyond the jurisdiction of the Court SFA funds. ECF 14-3 at 6. Defendants refused. *See id.* at 1. Worse still, during the course of these communications, Defendants' counsel ("DOJ") revealed information demonstrating that the risk of irreparable harm, and need for a temporary order maintaining the status quo, is even more urgent than Harris County previously understood.

As detailed in the County's Motion for Temporary Restraining Order ("TRO Motion"), filed simultaneously herewith, DOJ (1) asserted that immediately upon terminating SFA grants, EPA deobligated grant funds, which were then purportedly "rescinded by Congress," ECF 14-3 at 5; (2) claimed it could not confirm any "details" of the location or status of SFA funds or the Program more broadly, *id.* at 8; and (3) refused to agree to a pause of Defendants' dismantling of Solar for All, even during the short period that Harris County's PI Motion is pending, *see id.* at 1. Given these facts, and Defendants' apparent aim of ending Solar for All by any means necessary, a temporary restraining order ("TRO") to maintain the status quo is essential.

Even if the Court declines to enter a TRO, it should deny Defendants' Motion to Extend. Harris County is mindful of the challenge the PI Motion presents during the ongoing government shutdown, but the lapse in funding for federal agencies like DOJ does not alleviate the risk of harm Harris County faces absent preliminary injunctive relief. Indeed, the Court recognized this concern in its Standing Order on deadlines during the shutdown, excluding motions for preliminary relief from its order generally extending the government's response period in civil actions. *See* Standing Order No. 25-55 (D.D.C. Oct. 1, 2025) ¶ 3 ("This Order shall not extend the United States'

deadlines to respond to motions for temporary restraining orders or preliminary injunctions . . . ."). And the fact that Harris County served DOJ by email the Monday following the County's filing of its PI Motion on Friday, October 24 does not justify the *two-week* extension Defendants now seek. Besides, Attorney VanLandingham had noticed his appearance on behalf of all Defendants three days before Harris County filed its PI Motion, ECF 11, meaning that he received service of the County's Motion the moment it was filed.

For the reasons outlined in the TRO Motion, additional delay risks substantial harm to Harris County. *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2002) (identifying "prejudice to the adverse party" as basis to deny extension request); *Koch v. White*, 251 F. Supp. 3d 162, 180 (D.D.C. 2017) (denying motion to extend where extension would prejudice non-moving party). The risk that Defendants will take further action to dismantle Solar for All in the coming days and weeks is all but certain given Defendants' refusal to enter a stand-still agreement and track record of bad-faith conduct when granted extensions in related cases, *see Climate United Fund v. Citibank, N.A.*, Nos. 25-5122, 25-5123, 2025 U.S. App. LEXIS 22532, at *58 (D.C. Cir. Sept. 2, 2025) (Pillard, J., dissenting) (outlining Defendants' harmful actions during 24-hour courtesy extension granted by opposing counsel).

It is imperative that relief be granted on Harris County's PI Motion at the earliest possible date to avoid further harm. Defendants' Motion to Extend should be denied.

Dated: November 2, 2025

Respectfully submitted,

*/s/ Beth C. Neitzel*

Beth C. Neitzel (103611)
Emily J. Nash (MA0031)
Kevin Y. Chen (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
enash@foleyhoag.com
kchen@foleyhoag.com

Noah C. Shaw (*pro hac vice*)
FOLEY HOAG LLP
1301 Ave. of the Americas
25th Floor
New York, NY 10019
Tel. (212) 812-0400
ncshaw@foleyhoag.com

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

*/s/ Neal A. Sarkar*

**JONATHAN G.C. FOMBONNE**
Deputy County Attorney and First Assistant
Texas State Bar No. 24102702
D.D.C. Bar ID: TX0090
jonathan.fombonne@harriscountytx.gov

**NEAL A. SARKAR**
Special Assistant County Attorney
Texas State Bar No. 24093106
D.D.C. Bar ID: TX0088
neal.sarkar@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Counsel for Harris County, Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF filing system.

*/s/ Beth C. Neitzel*
Beth C. Neitzel (103611)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com