**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HARRIS COUNTY, TEXAS,

        *Plaintiff,*

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    and

LEE ZELDIN, in his official capacity as
ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY,

    and

DEVON BROWN, in his official capacity as
EPA AWARD OFFICIAL, UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY,

        *Defendants.*

Civil Action No. 1:25-cv-03646-TSC

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Harris County, Texas ("Harris County") hereby moves for leave to file a sur-reply,

attached hereto as Exhibit A, to address arguments advanced for the first time in the reply brief of

defendants U.S. Environmental Protection Agency ("EPA"); Lee Zeldin, in his official capacity as

Administrator of EPA; and Devon Brown, in his official capacity as EPA Award Official (together,

"EPA"), ECF 50 ("EPA Reply").[1]

---

[1] On April 23 and April 24, 2026, counsel for Harris County conferred with counsel for EPA pursuant to Local Rule 7(m) regarding this motion. Upon request of EPA's counsel, counsel for Harris County detailed the basis for the motion, explaining that EPA's reply had belatedly raised arguments regarding final agency action, remand without vacatur, and the interaction of § 60002's repeal and rescission clauses. EPA does not consent to Harris County's motion, insisting that the agency's reply "respond[s] to arguments raised by Harris County, either in its opening brief or its opposition." EPA's response underscores the basis for this motion. As to "arguments raised by

1

Last month, EPA requested that the Court stay this case indefinitely or, alternatively, extend EPA's deadline to file its reply by 14 days. ECF 43. Although Harris County opposed EPA's stay motion, the County assented to the agency's requested two-week extension as a professional courtesy, in view of EPA's "overlapping [briefing] deadlines," *id.* at 8, in several other cases involving EPA's efforts to eliminate Greenhouse Gas Reduction Fund programs. *See* ECF 45. But, as further set forth below, EPA used that additional time not just to respond to the points raised in Harris County's papers, but to advance new arguments that EPA could (and should) have raised earlier. Several of those arguments responded to points made in Harris County's opening brief—points that, as Harris County had noted, the agency failed to address in its opposition, *see, e.g.*, ECF 44 ("Harris County Reply") at 12, 17—and others advanced novel theories that were available to the agency from the outset, *see, e.g.*, EPA Reply 2-4 (arguing that the agency's Elimination Decision was not final agency action).

Because EPA's belated presentation of these arguments left Harris County no opportunity to respond, and for the reasons set forth below, the Court should grant Harris County's motion.

## ARGUMENT

Leave to file a sur-reply is "routinely granted 'when a party is unable to contest matters presented to the court for the first time in the last scheduled [brief].'" *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (quoting *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)); *see also Li-Chien Tsai v. United States*, No. 23-cv-2392, 2025 U.S. Dist. LEXIS 47418, at *10 (D.D.C. Mar. 14, 2025) (granting leave to file sur-reply where movant "raised arguments regarding the consequences of [plaintiff's] failure to comply with Rule 7(h) for the first

---

Harris County ... [in] its opening brief," EPA was required to respond in its opposition—not, for the first time, on reply, leaving Harris County without opportunity to respond.

time in its reply"). In exercising its "sound discretion" to determine whether to grant leave, courts consider "whether the . . . reply in fact raises arguments or issues for the first time," whether the "proposed surreply would be helpful to the resolution of the pending motion," and any "undu[e] prejudice[]" to the opposing party if leave were granted. *Exxon Mobil*, 69 F. Supp. 3d at 85 (quotation omitted).

A sur-reply is warranted here because EPA has raised a host of new arguments on reply. The agency now contends, for the first time, that its decision to terminate the Solar for All program pursuant to § 60002 of the One Big Beautiful Bill Act is not final agency action, *see* EPA Reply 2-4, despite Harris County having argued from the outset that "[t]his lawsuit challenges final agency action—EPA's Elimination Decision—as arbitrary and capricious, contrary to statutory and constitutional authority, and otherwise not in accordance with the law under the APA." ECF 32-1 ("MSJ") at 15; *see also* ECF 1 ¶ 92 ("Defendants' Elimination Decision constitutes final agency action under the [APA]."). EPA also advances (yet another) new explanation for its reading of § 60002, claiming that § 60002's *prospective* repeal somehow ratified EPA's illegal terminations of the other GGRF programs (NCIF and CCIA) and also unwound Solar for All.  EPA Reply 16.  And the agency asserts that the Court should at most remand to EPA without vacatur, EPA Reply 22, despite not having urged that remedy in its opposition, *see* ECF 38-1 ("Opp.") at 41 ("Harris County has made no showing that vacatur is insufficient to redress any injury").[2]

---

[2] Although Harris County's proposed sur-reply focuses on these principal points, they are not the only new arguments EPA belatedly raises on reply. *See, e.g.*, EPA Reply 10-11 (acknowledging for the first time redressability cases cited in Harris County's opening brief); *id*. at 14 (finally addressing appropriations authorities cited in Harris County's opening brief); *id*. at 19 (belatedly attempting to shore up the agency's deficient administrative record); *id.* at 20-21 (asserting that EPA has no funds to operate Solar for All because OBBBA was "Congress's final word on administrative funding for the SFA grants").

Not only are EPA's arguments new, but many respond to points Harris County made in its opening brief—and to which the agency failed to respond in its opposition. *See, e.g.*, Harris County Reply 15 (noting that EPA had "not dispute[d] that § 60002's rescission clause "would be superfluous under EPA's reading of the repeal clause"); EPA Reply 13-14 (belatedly responding to Harris County's superfluity argument); Harris County Reply 12 (explaining that "EPA fails to acknowledge—let alone refute—the many authorities Harris County cited in its [opening] brief that foreclose" EPA's redressability argument); EPA Reply 10-11 (finally responding to authorities cited in Harris County's opening brief).

EPA forfeited those arguments by failing to raise them earlier. *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008) (citation omitted) ("We need not consider this argument because plaintiffs have forfeited it on appeal, having raised it for the first time in their reply brief."); *Poland v. D.C. Water & Sewer Auth.*, No. 16-cv-2031, 2022 U.S. Dist. LEXIS 118080, at *16 (D.D.C. July 6, 2022). But insofar as the Court is inclined to consider any of the agency's belated arguments, Harris County should be afforded the opportunity to respond—just as the County would have done if EPA had properly raised its new arguments in its opposition. *See THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co. v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018) (citation omitted) ("If new arguments appear for the first time in . . . reply, granting leave to file a sur-reply is appropriate.").

The other factors likewise favor granting Harris County leave to file its proposed sur-reply. *Exxon Mobil*, 69 F. Supp. 3d at 85. First, the County's sur-reply would be "helpful to the resolution of the pending motion." *Id.*; *see Imapizza, LLC v. At Pizza Ltd.*, No. 17-cv-2327, 2018 U.S. Dist. LEXIS 227733, at *3 (D.D.C. July 26, 2018) (granting leave to file sur-reply where "briefing on the[] issues would also be helpful to the Court"). EPA has belatedly raised numerous arguments

4

that bear on summary judgment and, by extension, this case as a whole. Without Harris County's responses to EPA's arguments, the Court will be left to resolve the issues newly raised by the agency's reply without full briefing. *See United States ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 167 (D.D.C. 2007) (sur-reply "furthers the interests of fairness and elucidation of the law through the adversarial process" (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992)); *see also Moore v. Hayden*, No. 18-cv-2590, 2021 U.S. Dist. LEXIS 251879, at *23 n.3 (D.D.C. Feb. 22, 2021) (finding sur-reply helpful to resolution of pending motion by providing additional clarity on arguments in response to new issues raised in reply). In addition, granting Harris County's motion will not unduly prejudice EPA. Simply put, EPA has no one to blame but itself: Nothing prevented the agency from raising in its opposition the arguments it advances for the first time in reply, and EPA can suffer no undue prejudice from Harris County being afforded the same opportunity it would have had to respond had EPA timely raised these arguments in its opposition.

## CONCLUSION

For the foregoing reasons, Harris County respectfully requests that the Court grant Harris County leave to file the proposed sur-reply attached as Exhibit A hereto.

5

Dated: April 24, 2026

Respectfully submitted,

/s/ Beth C. Neitzel

Noah C. Shaw (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel. (212) 812-0400
ncshaw@foleyhoag.com

Beth C. Neitzel (103611)
Emily J. Nash (MA0031)
Matthew F. Casassa (*pro hac vice*)
Kevin Y. Chen (*pro hac vice*)
Gilleun Kang (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
enash@foleyhoag.com
mcasassa@foleyhoag.com
kchen@foleyhoag.com
gkang@foleyhoag.com

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

/s/ Neal A. Sarkar

**JONATHAN G.C. FOMBONNE**
Harris County Attorney
Texas State Bar No. 24102702
D.D.C. Bar ID: TX0090
jonathan.fombonne@harriscountytx.gov

**NEAL A. SARKAR**
First Assistant County Attorney
Texas Bar No. 24093106
D.D.C. Bar ID TX0088
neal.sarkar@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Counsel for Harris County, Texas*

6

## **CERTIFICATE OF SERVICE**

I certify that on April 24, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent via first class mail to those indicated as non-registered participants.

*/s/ Beth C. Neitzel*
Beth C. Neitzel (103611)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
