**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HARRIS COUNTY, TEXAS,** | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:25-cv-03646-TSC |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,** | |
| *Defendants*. | |

## <u>OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY</u>

Defendants U.S. Environmental Protection Agency ("EPA"), its Administrator in his official capacity, and its Award Official in his official capacity (collectively, "Defendants") hereby oppose Plaintiff Harris County, Texas ("Harris County")'s Motion for Leave to File Sur-reply (ECF No. 52) ("Motion").

Harris County scours Defendants' reply brief in a fruitless attempt to find something new to justify a sur-reply to give it the last word on summary judgment. But Defendants' reply brief did not introduce new issues. Proving the point, Harris County's proposed sur-reply would only rehash arguments already covered in the 72 combined pages of their opening summary judgment (ECF No. 32-1) and opposition (ECF No. 44) briefs. The parties have now amply argued their respective motions for summary judgment on Harris County's claims under the Administrative Procedure Act ("APA"), the One Big Beautiful Bill Act ("OBBBA"), and the U.S. Constitution, all of which challenge EPA's August 7, 2025 decision to terminate grants issued under the Solar for All ("SFA") program. Further briefing on these issues is neither warranted nor useful.

Harris County's request for additional briefing should be denied under the general principles governing sur-replies in this Court, specifically: (1) Harris County already raised each of the issues it seeks to brief in the proposed sur-reply (*i.e.*, what EPA action constitutes "final agency action"; the meaning of Section 60002 of OBBBA; and the appropriate remedy if the Court finds it has jurisdiction and if any claim has merit); (2) Harris County's proposed sur-reply would not assist the Court, as the parties have already briefed these issues in dozens of pages; and (3) allowing Harris County to file a sur-reply would prejudice Defendants, as it would permit Harris County to file three briefs compared to Defendants' two briefs, as agreed by the parties in the joint schedule.[1]

## ARGUMENT

The Court should deny the Motion. "[S]urreplies are generally disfavored, and the determination of whether to grant or deny leave is entrusted to the sound discretion of the district court." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) (citations omitted). In exercising their discretion "to ensure that briefing does not become an 'endless pursuit,' courts consider three factors:" (1) "whether the movant's reply in fact raises arguments or issues for the first time"; (2) "whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion"; and (3) "whether the movant would be unduly prejudiced were leave to be granted." *Stanley v.*

---

[1] Harris County accuses the undersigned counsel of using the two-week reply brief extension "to advance new arguments" in this case rather than manage overlapping deadlines in other cases. Pl. Mot. at 2. That accusation is untrue. As set forth here, Defendants' reply does not advance any new issue. Moreover, the extension was used for the reason requested: to manage overlapping deadlines.

*Duff*, No. 1:18-CV-1746 (TSC), 2021 WL 1721607, at \*3–4 (D.D.C. Apr. 30, 2021) (Chutkan, J.) (citations omitted).  Each factor weighs against granting the Motion.

**I.    Defendants' Reply Does Not Raise Any New Issue.**

As a preliminary matter, Harris County's request is not based on any new issues first raised in Defendants' reply brief.  Defendants' reply merely support their previous arguments that the Court lacks jurisdiction, that Harris County's claims fail on the merits, and that any relief should be limited.  Though Harris County wants another bite at the apple, "a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties." *Crummey*, 794 F. Supp. 2d at 63.  "Were that not true, briefing would become an endless pursuit." *Id.*  Therefore, the matter covered in a sur-reply "must be truly new." *Pogue v. Diabetes Treatment Cente*r, 238 F. Supp. 2d 270, 277 (D.D.C. 2002).  Because none of the issues in Harris County's proposed sur-reply are "truly new," its request for leave should be denied. *Id.*

Final Agency Action.  Harris County first seeks to re-brief what EPA action constitutes "final agency action."  Mot. at 3.  But Harris County already raised this issue in its opening brief, arguing that the "Elimination Decision" "*constitutes final agency action* for the . . . reasons explained in [its] [Preliminary Injunction] Motion," and that "EPA's grant-termination decision remains *preliminary agency action*" because Harris County's appeal "remains pending."  ECF No. 32-1 ("Pl. Mem.") at 19 n. 5 (emphasis added).  In response, Defendants argued that if "Harris County wants to advance a theory that EPA has not terminated its grant based on the pending administrative appeal, *see* Pl. Mem. 19 n.5, then this Court lacks jurisdiction because there is *no final agency action*."  ECF No. 38-1 ("Def. Mem.") at 26 (citing caselaw) (emphasis added).  In reference to the "Elimination Decision," Defendants explained that "[the Elimination Decision] is a fiction; there was no separate 'SFA Program' termination.  The only agency action

here was EPA's decision to terminate existing SFA grants, as reflected in termination notices sent to each SFA grantee, including Harris County." *Id.* at 21.  Defendants' opening brief thus made clear that the only final agency action here was grant termination.

Harris County, again, addressed the issue of "final agency action" in its opposition.  In a section titled, "*The Agency Action at Issue*," Harris County argues that the "agency action" it challenges is the "Elimination Decision" rather than EPA's termination of its SFA grant.  ECF No. 44 ("Pl. Opp.") at 3–4 (emphasis added); *see also id.* at 12 n.4 (claiming there is "nothing contradictory about [its] administrative appeal arguments" that the appeal is both "futile" and "pending").  In their reply brief, Defendants reiterate that the "only final agency action at issue here is grant termination," ECF No. 50 ("Def. Reply") at 2 (citing Def. Mem. at 25–26) and support that position with caselaw, *id.* at 2–4; *see also* Def. Mem. at 21.

Thus, what constitutes "final agency action" in this case is not a "truly new" matter. Harris County has already addressed the issue in two briefs.  Its request to file more briefing on this topic should be denied.  *See Stanley*, 2021 WL 1721607, at *3–4 (denying motion to file sur-reply because defendants "have not 'expand[ed] the scope of issues presented,' but have instead merely addressed the arguments raised by Plaintiffs") (citation omitted).

Interpretation of OBBBA.  Next, Harris County remarkably wants to submit even more briefing on the meaning of OBBBA § 60002, *see* Mot. at 3–4—a short statute that repealed the law creating the SFA grant program and rescinded EPA's designated funding to administer it. *See* Pl. Mem. at 26 ("The relevant text [of § 60002] is short and straightforward.").  Harris County spent nine pages on the meaning of § 60002 in its opening brief, *see* Pl. Mem. at 26–34, and over five pages on the law in its opposition, *see* Pl. Opp. at 12–18.

Harris County, however, contends that EPA "advances (yet) another new explanation for its reading of § 60002," that the law "somehow ratified EPA's illegal terminations of other [Greenhouse Gas Reduction Fund] GGRF programs (NCIF and CCIA) and also unwound Solar for All." Pl. Mot. at 3 (citing Def. Reply at 16). There are two problems with this argument. First, it is not true. Defendants did not address the effect of OBBBA on the other two GGRF programs in this case, which may instead be addressed in the pending appeal in *Climate United*. *See, e.g.*, Mot. to Stay Proceedings 1, ECF No. 43. As to the SFA program, Defendants argued in both their opening and reply briefs that OBBBA ended any statutory program, leaving only the SFA grants, which EPA terminated. *See* Def. Mem. at 27–28; Def. Reply at 11–12.

Second, Defendants' reply responded to Harris County's view that Congress, through its silence in OBBBA § 60002, somehow meant to prohibit EPA from terminating SFA grants. Def. Reply at 16 (citing Pl. Opp. at 15). Defendants argued this interpretation is implausible because "Congress enacted OBBBA knowing that EPA had already terminated grants" under the other GGRF programs; therefore, if Congress wanted to prohibit EPA from doing so here, Congress would have said so. *Id.* This position reiterated Defendants' argument in their opening brief that "OBBBA is silent on what EPA should do with existing SFA grants" and "[i]f Congress intended to require EPA to continue administering existing SFA grants, it would have said so." Def. Mem. at 33–34. Because Defendants responded to Harris County's arguments and supported their own, Defendants' reply did not "expand the scope of the issues presented," and do not support the Motion. *Stanley*, 2021 WL 1721607, at *3–4.

Remand as an Appropriate Remedy. Harris County should not be allowed three chances to show that vacatur, as opposed to remand only, is an appropriate remedy. Pl. Mot. at 3. In its opening brief, Harris County made little effort to show that vacatur is appropriate if Defendants'

termination decision is found to be unlawful. *See* Pl. Mem. at 43 (stating in one sentence that "Elimination Decision . . . must be vacated") (citing *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014)). In their opposition, Defendants argue that "[e]ven if the Court were to conclude that EPA's termination decision is unlawful, Harris County has not met its burden for injunctive relief, *as it has not shown that remand is insufficient*." Def. Mem. at 40 (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)) (emphasis added). Defendants further argue that "[u]pon determination that an agency has violated the APA, '*the proper course, except in rare circumstances, is to remand to the agency*.'" *Id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)) (emphasis added).

Harris County did not fully respond this argument in its opposition; however, it did make various claims (unsupported by the administrative record) about why EPA cannot be trusted with a decision on remand and why vacatur and injunctive relief are appropriate. *See* Pl. Opp. at 24–25 (discussion of the Trump Administration's views on the Green New Deal and the *Climate United* litigation). Defendants then responded in their reply (again) that "Harris County has not shown relief beyond remand is warranted" and "fails to support its request for vacatur." Def. Reply at 22 (citing Pl. Opp. at 24). Defendants further argued that the termination decision was "reasonable" given Congress's repeal of the SFA program, and vacatur would have "disruptive consequences," relying on the test articulated in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146, 150–51 (D.C. Cir. 1993).[2]

---

[2] The *Allied-Signal* test provides: "The decision whether to vacate depends on the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed." 988 F.2d at 150–51. In addition to arguing that only remand was warranted, Defendants' opening brief similarly argued that any deficiencies in EPA's termination decision did not warrant "invalidating the termination of the SFA program" under the APA's harmless error rule. Def. Mem. at 38. Harris

This back-and-forth about the appropriate remedy is not a "truly new" matter. *Pogue*, 238 F. Supp. 2d at 277. Harris County simply wants another chance to justify its requested relief, which does not support a motion to file a sur-reply. *See Robinson v. Panera, LLC,* No. 1:17-CV-2071 (TSC), 2019 WL 5216265, at *3–4 (D.D.C. Oct. 16, 2019) (Chutkan, J.) ("[A] surreply is inappropriate to amplify issues already addressed in briefing."); *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011) (recognizing that sur-replies are "especially" disfavored "where the proponent cites 'amplification' of an issue already addressed as a justification").[3]

"Forfeited" Arguments. Finally, Harris County improperly uses this motion as a vehicle to argue that Defendants "forfeited" arguments by raising them "belatedly" in their reply brief. Pl. Opp. 3 n.2 & 4. First, Harris County does not move to respond to these "forfeited" points in its proposed sur-reply, and thus Harris County should not be permitted to argue the points here. *See id*. at 3 n.2 (claiming that its sur-reply focuses on three *other* "principal points").

Second, the arguments are not "belated" and do not justify another brief. Though Harris County cherry-picks specific points made by Defendants on reply, each point was made in furtherance of the evidentiary, redressability, and statutory arguments already raised in Defendants' opening brief. *See* Def. Mem. at 11–12 n.3, 23–26, 27–29. And in each instance, Defendants merely responded to points made by Harris County. For example, Defendants' reply

---

County's only response was that Defendants are wrong about OBBBA's effect, Pl. Opp. at 21–22, simply rehashing its statutory arguments.

[3] Harris County's cited cases are distinguishable, as they involve situations where non-movant had presented (1) new factual information, *see Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (granting sur-reply to allow response to expert's "second supplemental declaration"); or (2) a "truly new" legal issue, *see Li-Chien Tsai v. United States*, No. 23-2392, 2025 U.S. Dist. LEXIS 47418, at *9 (D.D.C. Mar. 14, 2025) (granting sur-reply to respond to new legal issue that "Plaintiff's failure to comply with [LcR] 7(h)(1)"); *Imapizza, LLC v. At Pizza Ltd.*, No. 17-2327, 2018 U.S. Dist. LEXIS 227733, at *2 (D.D.C. July 26, 2018) (allowing sur-reply where defendants raise a *forum non conveniens* argument, *inter alia*, for the first time).

responded to Harris County's repeated insistence that three "redressability" cases are relevant by arguing that they are not. *See* Def. Reply at 10 (distinguishing three cases because none involves grant terminations or the repeal of a congressional grant program); *see also* Pl. Opp. at 12 ("EPA fails to acknowledge—let alone refute—the many authorities Harris County cited in its opening brief that foreclose this argument."). As held by courts in the D.C. Circuit, "[w]hen arguments raised for the first time in reply fall 'within the scope of the matters the opposing party raised in opposition,' and the reply does not 'expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (quoting *Crummey*, 794 F. Supp. 2d at 63).

Third, Harris County's contention that Defendants "belatedly" responded to these arguments only underscores that they are not "truly new," and that Harris County only wants another chance to discuss issues it already addressed. *Pogue*, 238 F. Supp. 2d at 277. Thus, to the extent Harris County's motion to file a sur-reply is based on any of these so-called "belated" issues, it should be denied.

## II.     More Briefing on These Issues Will Not Assist the Court.

Another brief will not assist the Court. Harris County had ample opportunity to present full briefing on summary judgment, and nothing supports a finding that extra briefing "would be helpful to the resolution of the pending motion." *Glass*, 786 F. Supp. 2d at 231.

The parties have filed more than 142 pages on the pending motions, consistent with the generous page limits allowed by this Court and the parties' joint expedited briefing schedule.[4]

---

[4] Not to mention Harris County's 43-page brief (ECF No. 12-1) in support of its motion for a preliminary injunction, its 13-page brief (ECF No. 14-1) in support of its motion for a TRO, and the 38-page brief Defendants submitted in opposition to those two since-withdrawn motions, which Harris County relied on in its summary judgment briefing, *see, e.g.*, Def. Mem. at 11–12

*See* ECF No. 23 (granting joint proposal that each party submit two briefs in support of summary judgment). The Court has no need for additional case law or argument on what constitutes "final agency action," the meaning of a "short and straightforward" statute (Pl. Mem. at 26), or the appropriate remedy if Defendants' actions are found to be unlawful. The parties have provided the Court with enough briefing on these purely legal topics. *See Pogue*, 238 F. Supp. 2d at 277 (recognizing that a "surreply is most appropriate where the new matter introduced is factual"); *Crummey*, 794 F. Supp. 2d at 64 (denying motion to file sur-reply because, *inter alia*, the proposed sur-reply arguments "retread old ground" and "would not assist the Court in rendering a decision" on pending summary judgment motion).

## III. Allowing Harris County Three Briefs on These Issues Will Prejudice Defendants.

Harris County's proposed sur-reply would prejudice Defendants. If granted, this motion would allow Harris County to present three briefs compared to Defendants' two briefs even though the parties' joint motion for expedited briefing schedule contemplated two briefs each. *See* ECF No. 23. This is particularly prejudicial where Harris County's "proposed sur-reply improperly attempts to bolster arguments already made in [its] opposition brief." *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015) (Brown Jackson, J.). The Motion should be denied for this additional reason.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to deny the Motion.

---

n.3; Pl. Opp. at 13, n.5, as well as amici's 13-page brief in support of Harris County (ECF No. 49), the filing of which Defendants did not oppose.

9

Dated: April 29, 2026                      Respectfully submitted,


                                           BRETT A. SHUMATE
                                           Assistant Attorney General

                                           YAAKOV M. ROTH
                                           Principal Deputy Assistant Attorney General

                                           KIRK T. MANHARDT
                                           Director

                                           KEVIN P. VANLANDINGHAM
                                           Assistant Director

                                           */s/ Tiffiney F. Carney*
                                           Bethany R. Theriot (D.C. Bar 1022065)
                                           Tiffiney F. Carney (D.C. Bar 1024568)
                                           I-Heng Hsu (N.Y. Reg. 4904033).
                                           *Trial Attorneys*
                                           U.S. Department of Justice
                                           Civil Division
                                           Corporate/Financial Litigation Section
                                           P.O. Box 875
                                           Ben Franklin Stations
                                           Washington D.C. 20044-0875
                                           Tel: (202) 307-0244
                                           bethany.theriot@usdoj.gov
                                           tiffiney.carney@usdoj.gov
                                           i-heng.hsu@usdoj.gov

                                           *Attorneys for the Defendants*