**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HARRIS COUNTY, TEXAS,** | |
| *Plaintiff,* | |
| v. | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** | Civil Action No. 1:25-cv-03646-TSC |
| and | |
| **LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** | |
| and | |
| **DEVON BROWN, in his official capacity as EPA AWARD OFFICIAL, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** | |
| *Defendants.* | |

### PLAINTIFF HARRIS COUNTY'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

By EPA's telling, its reply "merely support[ed]" the agency's "previous arguments that the Court lacks jurisdiction, that Harris County's claims fail on the merits, and that any relief should be limited." ECF 53 ("Opp. to Mot. for Leave") at 3.[1] Hardly. EPA's reply—the fourth brief in the parties' summary-judgment briefing schedule—introduces new theories and responds for the first time to arguments raised in the County's opening summary-judgment submission. *See* Mot. for Leave 3-4. As a result of the agency's tactics, Harris County is "unable to contest matters presented to the court for the first time in [EPA's] reply," *United States ex rel. Pogue v. Diabetes Treatment*

---

[1] Abbreviations and defined terms have the same meaning as in Harris County's Motion for Leave to File Sur-Reply, ECF 52 ("Mot. for Leave").

*Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (quoting *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002)). Harris County should therefore be granted leave to file a sur-reply.

EPA's opposition to Harris County's motion for leave confirms as much. Start with the agency's new argument that the Elimination Decision is not final agency action. *See* Opp. to Mot. for Leave 3. In its summary-judgment opposition, EPA (mis)characterized this case as challenging the "terminat[ion]" of the County's "grant," *id.* (quoting Opp. 26), and denied that there was any Elimination Decision at all, *see id.* at 3-4 (claiming that the decision was "fiction" (quoting Opp. 21)). Only in its reply did the agency change course and argue—over several pages—that the Elimination Decision did not meet the criteria for final agency action. *See* EPA Reply 2-4. EPA now attempts to minimize its pivot as merely "support[ing its] position with caselaw," Opp. to Mot. for Leave 4, but that characterization is belied by even a cursory comparison of the agency's briefs, which develop no argument whatsoever on this point until the reply, *compare* Opp. 21 (stating, in discussion of the Tucker Act, that the "only agency action . . . was EPA's decision to terminate existing SFA grants"), *with* EPA Reply 2-4 (arguing, over several pages, that the Elimination Decision does not constitute final agency action under *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

The same goes for EPA's argument that the Court should remand to the agency without vacatur. EPA again attempts to recharacterize its summary-judgment opposition, claiming that it sought remand without vacatur all along. Opp. to Mot. for Leave 5-6. But EPA's opposition never asked for that remedy, and neither of the cases upon which the agency relied granted it. *See* Opp. at 40-41 (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010), and *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985)). Instead, EPA sought to defend against Harris County's

request for a permanent injunction, arguing that "Harris County has made no showing that *vacatur* is insufficient." *Id*. at 41 (emphasis added). The APA requires vacatur of agency actions that are arbitrary and capricious or contrary to law, *see* 5 U.S.C. 706(2)(A), (B), as Harris County explained. *See* MSJ 43. If EPA had instead desired the "exceptional remedy" of remand *without vacatur*, *Cigar Ass'n of Am. v. FDA*, 132 F.4th 535, 541 (D.C. Cir. 2025), it was on the agency to say as much, *see Ctr. for Biological Diversity v. Ross*, 480 F. Supp. 3d 236, 245 (D.D.C. 2020) ("Because vacatur is the default remedy, . . . defendants bear the burden to prove that vacatur is unnecessary." (quoting *Nat'l Parks Conservation Ass'n v. Semonite*, 422 F. Supp. 3d 92, 99 (D.D.C. 2019)). Yet EPA waited until it was too late for Harris County to respond to advance this new remedy.

As for the effect of § 60002, EPA does not dispute that it failed to respond to Harris County's argument that the provision's rescission clause would be superfluous under the agency's reading—until, of course, the agency devoted pages to that subject in its reply. *See* Mot. for Leave 4 (detailing agency's failure to respond). And although EPA insists that it advanced no new ratification argument, *see* Opp to Mot. for Leave 5, its reply brief says otherwise. *See* EPA Reply 16 (falsely asserting that Congress enacted OBBBA—and its rescission of "unobligated balances"—"knowing that EPA had already . . . deobligat[ed] approximately $17 billion from [the NCIF and CCIA] grants").

Unable to show that it timely advanced any of the arguments Harris County highlights in its sur-reply, EPA retreats to arguing that Harris County's motion should be denied because the agency's arguments were merely "belated[]," and thus not "truly new." Opp. to Mot. for Leave 8; *see also id.* at 4, 5, 7. That is factually wrong, *see* Mot. for Leave 3 (detailing EPA's new arguments), and also misses the point. EPA cannot sandbag Harris County by waiting until its

reply to raise arguments that it was required to raised earlier; to the contrary, the agency's belated arguments are simply forfeit. Mot. for Leave 4.[2] And none of the cases cited by EPA supports the agency's illogical contention that in a four-brief sequence such as this one, the cross-movant can elect to respond to arguments raised in its opponent's opening (i.e., first) brief only in its reply (i.e., fourth) brief and thereby deprive its opponent of a chance to respond.[3] If EPA's forfeited arguments are to be considered at all (and they should not be), both this circuit's case law and basic fairness favor permitting Harris County leave to file its sur-reply. *Crummey v. SSA*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011) ("[W]hen the non-movant is deprived of the opportunity to contest matters raised for the first time in the movant's reply, the non-movant may seek the district court's leave to file a surreply." (citation omitted)).

For the foregoing reasons, and for those set forth in its motion for leave, Harris County requests that the Court grant the County leave to file its proposed sur-reply.

---

[2] And contra EPA (at 7), that goes for *all* the agency's untimely arguments.

[3] Rather, each of EPA's cases concerns a three-brief sequence (i.e., motion, opposition, reply), in which a party that fails to respond to arguments advanced in the motion (i.e., first brief) loses its opportunity to rebut those arguments altogether. The fact that sur-replies may nevertheless be permitted in a three-brief sequence to address "truly new" arguments raised for the first time in reply, Opp. to Mot. for Leave 4-5, 7-8, supports Harris County's argument, not EPA's—as it underscores that the opposing party is obligated to marshal all its responses to arguments that were made in the opening brief in opposition, which EPA failed to do here, *see* Mot. for Leave 3-4.

4

Dated: May 6, 2026

Respectfully submitted,

/s/ Beth C. Neitzel

Noah C. Shaw (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel. (212) 812-0400
ncshaw@foleyhoag.com

Beth C. Neitzel (103611)
Emily J. Nash (MA0031)
Matthew F. Casassa (*pro hac vice*)
Kevin Y. Chen (*pro hac vice*)
Gilleun Kang (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
enash@foleyhoag.com
mcasassa@foleyhoag.com
kchen@foleyhoag.com
gkang@foleyhoag.com

**JONATHAN G.C. FOMBONNE**
HARRIS COUNTY ATTORNEY

/s/ Neal A. Sarkar

**JONATHAN G.C. FOMBONNE**
Harris County Attorney
Texas State Bar No. 24102702
D.D.C. Bar ID: TX0090
jonathan.fombonne@harriscountytx.gov

**NEAL A. SARKAR**
First Assistant County Attorney
Texas Bar No. 24093106
D.D.C. Bar ID TX0088
neal.sarkar@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Counsel for Harris County, Texas*

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 6, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent via first class mail to those indicated as non-registered participants.

*/s/ Beth C. Neitzel*
Beth C. Neitzel (103611)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com

6